**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Oscar Enrique Nunez Euceda,

Plaintiff,

v.

United States of America,

Defendant.

Case No. 2:20-cv-10793-VAP-GJSx

**Order DENYING Motion to Dismiss (Dkt. 11)**

Before the Court is Defendant United States of America's ("Defendant" or "United States") Motion to Dismiss Plaintiff Oscar Enrique Nunez Euceda's ("Plaintiff") Complaint.  (Dkt. 11, "Motion").  Plaintiff filed an Opposition to the Motion on March 15, 2021.  (Dkt. 15).  Defendant filed a Reply on March 29, 2021.  (Dkt. 16).

After considering all the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15.  The Court DENIES the Motion.

## I.      BACKGROUND

Plaintiff brings this case to redress injuries stemming from the Trump Administration's "family separation policy" (the "Policy").  (*See* Dkt. 1, Complaint "Compl.").  Pursuant to this Policy, certain United States officials

1

separated families arriving at the United States border seeking asylum; specifically, government officials separated children from their parents to deter border crossings from Central America.  (Compl., ¶ 2).  The United States Attorney General announced the Policy in April 2018.  (Compl., ¶ 18).

In May 2018, Plaintiff and his two children were separated from each other pursuant to this Policy.  Plaintiff fled the Honduras with his two minor children due to gang violence committed against his family.  (*Id.*, ¶ 6).  The Complaint alleges, *inter alia*, that when Plaintiff arrived in the United States, "immigration officers verbally abused and ridiculed him … forcibly separated him from his young children … [placed him] in solitary confinement [with] little food throughout the day … [and] [deported him] back to Honduras without being provided any information about the well-being or location of his children."  (*Id.*, ¶¶ 7-8).

Since May 2018, Plaintiff has only been able to see his children once in person.  (*Id.*, ¶ 10).  Plaintiff was eventually allowed back into the United States and is currently residing in Altadena, California while his asylum application is pending.  (*Id.*, ¶¶ 9, 15).  Plaintiff claims that "[t]he separation and mistreatment [he] suffered at the hands of United States government officials had, and continues to have, crippling effects on his physical, emotional, and mental well-being."  (*Id.*, ¶ 12).  As of the filing of the Complaint, Plaintiff continues to be separated from his children.  (*Id.*, ¶ 51).

On November 25, 2020, Plaintiff filed the instant lawsuit against Defendant to redress injuries he sustained from the government's

United States District Court
Central District of California

1 enforcement of the Policy.  Plaintiff alleges three claims under the Federal

2 Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680: (1)

3 Intentional Infliction of Emotional Distress ("IIED"); (2) Negligence; and (3)

4 Negligent Infliction of Emotional Distress ("NIED").  (*Id.*, at 16-17).

5

6 ## II.     LEGAL STANDARD

7 **A.     Motion to Dismiss Under Rule 12(b)(6)**

8      Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a mo-

9 tion to dismiss for failure to state a claim upon which relief can be granted.

10 Rule 12(b)(6) is read along with Rule 8(a), which requires a short, plain

11 statement upon which a pleading shows entitlement to relief.  Fed. R. Civ.

12 P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the Fed-

13 eral Rules require a plaintiff to provide "'a short and plain statement of the

14 claim' that will give the defendant fair notice of what the plaintiff's claim is

15 and the grounds upon which it rests" (quoting Fed. R. Civ. P. 8(a)(2)).); *Bell*

16 *Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007). When evaluating a Rule

17 12(b)(6) motion, a court must accept all material allegations in the com-

18 plaint—as well as any reasonable inferences to be drawn from them— as

19 true and construe them in the light most favorable to the non-moving party.

20 *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *ARC Ecol-*

21 *ogy v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1096 (9th Cir. 2005); *Moyo v.*

22 *Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  "The court need not accept as

23 true, however, allegations that contradict facts that may be judicially noticed

24 by the court."  *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

25

26

United States District Court
Central District of California

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  (*Id.*)  To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

The Ninth Circuit has clarified that: (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

4

1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public rec-

ord outside the pleadings," *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646,

649 (9th Cir. 1988).

**B.    Motion to Dismiss Under Rule 12(b)(1)**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a district court

must dismiss an action if it lacks jurisdiction over the subject matter of the

suit. Fed. R. Civ. P. 12(b)(1).  Under 12(b)(1), a party may challenge

jurisdiction either "facially" or "factually."  *Thornhill Publ'g v. Gen. Tel. & Elec.*

*Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  Here, Defendant brings a facial

challenge.

"In a facial attack, the challenger asserts that the allegations

contained in a complaint are insufficient on their face to invoke federal

jurisdiction …"  *Sunga v. Sunga*, No. 2:18-CV-10717-VAP (MAAx), 2019 WL

11555153, at *3 (C.D. Cal. May 28, 2019) (citations omitted).  "Where there

is a facial attack on jurisdiction, the court 'must accept as true all material

allegations in the complaint' and construe the complaint in favor of the

nonmovant."  (*Id.*) (citations omitted).

To survive a motion to dismiss under Rule 12(b)(1), the plaintiff bears

the burden of proving that the Court has subject-matter jurisdiction to hear

her claims.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  A

court has an "affirmative obligation to ensure that it is acting within the

scope of its jurisdictional authority."  *Grand Lodge of Fraternal Order of*

*Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  For this reason,

United States District Court
Central District of California

1   "'the [p]laintiff's factual allegations in the complaint ... will bear closer

2   scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion

3   for failure to state a claim."  (*Id*. at 13-14) (quoting 5A Charles A. Wright &

4   Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed.1987)

5   (alteration in original)).

6

7                                    **III.    DISCUSSION**

8   **A.    FTCA Jurisdiction**

9           Defendant first argues the Court lacks jurisdiction over Plaintiff's

10  FTCA Claims because they are either barred or subject to various

11  exceptions.

12

13          The United States is immune from liability absent its consent, and the

14  terms of that consent define a court's jurisdiction to entertain a suit against

15  the United States.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  The

16  FTCA provides such consent "under circumstances where the United

17  States, if a private person, would be liable to the claimant in accordance

18  with the law of the place where the act or omission occurred."  *Fazaga v.*

19  *FBI*, 916 F.3d 1202, 1249 (9th Cir. 2019) (quoting 28 U.S.C. § 1346(b)(1)).

20  The FTCA's general waiver of immunity is subject to various exceptions and

21  exclusions.  *Dolan v. U.S. Postal Serv*., 546 U.S. 481, 485 (2006).  The

22  "plaintiff bears the burden of persuading the court that it has subject[-]matter

23  jurisdiction under the FTCA's general waiver of immunity," and the United

24  States bears the burden of proving that an exception applies.  *Prescott v.*

25  *United States*, 973 F.2d 696, 701–02 (9th Cir. 1992) (citing 28 U.S.C. §

26  1346(b)).

6

1
2
3
4
5
6
7
8
9

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Defendant argues that Plaintiff's claims are barred because the FTCA does not authorize recovery for constitutional torts.  (Motion, at 6).  Defendant fails to provide any reasoning supporting this argument and does not seriously dispute that Plaintiff's claims are common law tort claims in its Reply brief.  (*See generally* Reply).  Indeed, Defendant fails to address the litany of cases cited by Plaintiff showing that constitutional claims and common law tort claims are not mutually exclusive under the FTCA; here, Plaintiff only alleges claims under the FTCA.  (Dkt. 15, at 6).  The Court therefore declines to dismiss Plaintiff's FTCA claims on this ground.

Defendant argues Plaintiff's claims are nevertheless barred by either an exception or exemption to the FTCA.  The Court addresses each argument in turn.

### 1.      Discretionary Exception

Defendant argues that Plaintiff's claims are barred by the discretionary function exception to the FTCA.  According to Defendant, the government's decision to enforce the "Zero-Tolerance" Policy is a protected discretionary decision that cannot give rise to liability under the FTCA.  (*See* Mot. at 7-13).  Plaintiff contends that the discretionary function does not apply because the government lacks discretion to violate the Constitution.

The discretionary function exception bars claims arising from governmental actions that (1) "involv[e] an element of judgment or choice" and (2) are "based on considerations of public policy."  *United States v. Gaubert*, 499 U.S. 315, 322–23 (1991) (quotations omitted).  This exception

7

1   does not shield unconstitutional government conduct.  *Nurse v. United*

2   *States*, 226 F.3d 996, 1002 (9th Cir. 2000).

3

4   Plaintiff has plausibly alleged that the government's Policy violated his

5   constitutional rights.  Indeed, courts within this circuit have held that "the

6   government's practice of separating families, and the procedures used to

7   implement this practice, likely violated due process."  *A.P.F. v. United States*,

8   No. CV-20-00065-PHX-SRB, 2020 WL 8173295, at *4 (D. Ariz. July 27,

9   2020) (citing to *Ms. L. v. U.S Immigr. & Customs Enf't ("ICE")*, 310 F. Supp.

10  3d 1133, 1144-46 (S.D. Cal. 2018), *modified, 330 F.R.D. 284 (S.D. Cal.*

11  *2019), and enforcement granted in part, denied in part sub nom. Ms. L. v.*

12  *U.S. Immigr. & Customs Enf't*, 415 F. Supp. 3d 980 (S.D. Cal. 2020)).

13  Contrary to Defendant's arguments, the discretionary function does not

14  shield conduct that violates the constitution.  (*Id.*; *see also C.M. v. United*

15  *States*, No. CV-19-05217-PHX-SRB, 2020 WL 1698191, at *4 (D. Ariz. Mar.

16  30, 2020), *motion to certify appeal denied*, No. CV-19-05217-PHX-SRB,

17  2020 WL 5232560 (D. Ariz. July 6, 2020)).

18

19  The Court is not persuaded by Defendant's argument that the Court

20  should follow non-binding Seventh Circuit authority that contravenes

21  authority in this Circuit.  Further, Defendant's argument that "Plaintiff's

22  assertions of a due process violation … lacks (sic.) specificity, because

23  determining whether due process has been violated involves an evaluation

24  of the totality of the circumstances…" lacks merit.  (Dkt. 16, at 4).  Plaintiff's

25  Complaint states a plausible constitutional violation under *Iqbal* and

26

United States District Court
Central District of California

*Twombly.* (*See* Compl., ¶¶ 60-66).  Accordingly, the discretionary function does not bar Plaintiff's claims.

### 2.    Due Care Exception

The United States next argues that the due care exception bars Plaintiff's claims.  Following other courts in this circuit, the Court applies the two-prong test established by *Welch v. United States* to determine whether the due care exception applies.  *See Ferguson v. United States*, No. 15CV1253 JM (DHB), 2016 WL 4793180, at *7 (S.D. Cal. Sept. 14, 2016) (applying *Welch's* two-part test); *Kwai Fun Wong v. Beebe*, No. CIV. 01-718-ST, 2006 WL 977746, at *7–8 (D. Or. Apr. 10, 2006) (same); *Gonzalez v. United States*, No. CV-12-01912 DMG (DTBx), 2013 WL 942363, at *3 (C.D. Cal. Mar. 11, 2013) (same).

The due care exception applies if (1) a statute or regulation "specifically pr[e]scribes a course of action for an officer to follow," and (2) "the officer exercised due care in following the dictates of that statute or regulation." *Welch v. United States*, 409 F.3d 646, 652 (2005) (*citing Crumpton v. Stone*, 59 F.3d 1400, 1403 (D.C. Cir. 1995)). Otherwise stated, the due care exception applies only when an official was "reasonably executing the mandates of" a statute or regulation.  (*Id*. at 651).

Defendant fails to cite any statute or regulation that required Plaintiff and his children to be separated upon their arrival to the United States.  The separations were conducted pursuant to executive policy, not pursuant to any statute or regulation; such actions are not shielded by the due care

exception.  *See A.P.F.*, 2020 WL 8173295, at *3 (citations omitted); *C.M.*, 2020 WL 1698191, at *3.  None of the statutory provisions cited by Defendant mandate enforcement of the Policy.  The due care exception accordingly does not apply.

### 3.      Private Person Analog

Defendant argues that Plaintiff's claims fail because there is no private person analog.  The Court disagrees.

To carry their burden of establishing subject-matter jurisdiction under the FTCA, plaintiffs must show that "a private individual under like circumstances would be liable under state law."  *United States v. Muniz*, 374 U.S. 150, 153, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); 28 U.S.C. § 1346(b). To do this, plaintiffs' allegations must demonstrate "a persuasive analogy with private conduct.*"  See Westbay Steel, Inc. v. United States*, 970 F.2d 648, 650 (9th Cir. 1992) (quoting *Woodbridge Plaza v. Bank of Irvine*, 815 F.2d 538, 543 (9th Cir. 1987)). Recognizing that "the federal government 'could never be exactly like a private actor,'" the Ninth Circuit only requires courts to "find the most reasonable analogy" to private tortious conduct. *Dugard v. United States*, 835 F.3d 915, 919 (9th Cir. 2016) (quoting *LaBarge v. Mariposa Cty.*, 798 F.2d 364, 367 (9th Cir. 1986)).

Plaintiff brings claims for IIED, Negligence, and NIED.  (*See generally* Compl.)  Courts in this Circuit have recognized IIED claims where a federal agent's actions are motivated by malice.  *See C.M.*, 2020 WL 1698191, at *2 (citing *Gasho v. United States*, 39 F.3d 1420, 1434 (9th Cir. 1994)); *see*

10

United States District Court
Central District of California

*also Martinez v. United States*, No. CV1300955TUCCKJLAB, 2018 WL 3359562, at *10 (D. Ariz. July 10, 2018) (citing *Sheehan v. United States*, 896 F.2d 1168, 1172 (9th Cir. 1990) ("The Ninth Circuit has held that 'the tort of intentional infliction of emotional distress is not excluded as a matter of law.").  The Complaint alleges the government's enforcement of the Policy was motivated by malice and prejudice against aliens crossing the border from Central America.  (*See* Compl., ¶ 63).  Courts in this Circuit also recognize negligence claims brought under the FTCA where, as here, a prisoner alleges an agent negligently placed him in a certain cell.  *See C.M.*, 2020 WL 1698191, at *2 (citations omitted).  The private analog requirement is therefore satisfied and does not bar Plaintiff's claims.

**B.    Venue**

Defendant alternatively argues that venue is improper and requests that the case be transferred to Texas.  (Dkt. 11, at 15-16).  The Court disagrees. Courts within this Circuit have rejected such arguments.  *Kumar v. Mayorkas*, No. C 12-06470 MEJ, 2013 WL 5313718, at *4 (N.D. Cal. Sept. 23, 2013) (citing *Gu v. Napolitano*, 2009 WL 2969460, at *3 (N.D. Cal. Sept. 11, 2009)).  Venue is proper in this district because Plaintiff resides in Los Angeles County.  The Court accordingly declines Defendant's request to transfer this case to Texas.

# IV.    CONCLUSION

The Court therefore DENIES Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated:   4/27/21

Virginia A. Phillips
United States District Judge